**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CLIFTON JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-08-2545 |
| | § | |
| BOISE LOCOMOTIVE, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

**I.      The Motions Relating to the Complaint**

The defendant, Boise Locomotive, has moved to dismiss the complaint for failure to state a cause of action on which relief can be granted or, in the alternative, for a more definite statement . The defendant asks that this court order the plaintiff, Clifton Jackson, to amend his complaint to include factual allegations identifying the challenged discriminatory conduct. (Docket Entry No. 5). In response, Jackson, who is pro se, has filed a motion to amend his complaint. (Docket Entry No. 15). He specifies that his discrimination complaint is based on race and alleges that he was passed over for promotion to lead composite mechanic and identifies who received the promotion in his place. He also alleges that he was transferred to work under individuals who were less qualified than he was. Jackson asserts that his age (60) was a factor in his failure to gain promotion and his transfer. He appears to allege that he was the subject of sexual harassment by two male supervisors, whom he

names, in the form of "flashing" and "blowing kisses." Jackson asserts discrimination based on the fact that his own preference is heterosexual. (*Id.*).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Supreme Court recently confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965). When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies

before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e).  However, "the class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small--the pleading must be sufficiently intelligible for the court to be able to make out one or more potentially viable legal theories on which the claimant might proceed."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1376 (2d ed. 1990).  A motion for more definite statement is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.  *See Davenport v. Rodriguez,* 147 F.Supp.2d 630, 639 (S.D. Tex. 2001).

Although the information Jackson provides in his complaint is neither detailed nor clear, it is enough to satisfy the requirements of Rule 8.  The motion to dismiss or for a more definite statement are denied; Jackson's motion to amend is granted.

### B.      The Plaintiff's Motion to Appoint Counsel and Extend Time

Jackson requests appointment of counsel. (Docket Entry No. 14).  To appoint counsel under Title VII, a court examines three factors: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel.  *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990);

*Salmon v. Corpus Christi Independent School District*, 911 F.2d 1165 (5th Cir. 1990).  After reviewing the current record, the court determines that appointment of counsel is premature. The record is insufficient for this court to make a preliminary determination on the merits of Jackson's case.  There is some information in the record as to Jackson's attempts to secure counsel, but not enough information to determine that counsel should be appointed. Jackson's motion to appoint counsel is denied at this time.

Jackson's motion to extend time to September 28, 2008 to file additional handwritten motions on the basis of Hurricane Ike-related disruptions is granted.

SIGNED on October 1, 2008, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge