IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLIFTON JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-08-2545 |
| § | |
| BOISE LOCOMOTIVE, § | |
| § | |
| Defendant. § | |

**ORDER**

The plaintiff, Clifton Jackson, has filed a third motion for appointment of counsel in this employment discrimination case. (Docket Entry No. 27). For the reasons explained below, this motion is denied.

When analyzing the merits of a Title VII plaintiff's request for appointment of counsel, the court considers: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir.1990) (citing *Caston v. Sears, Roebuck, & Co.,* 556 F.2d 1305, 1309 (5th Cir.1977)). No one factor is conclusive. *Id.* While appointment of counsel is permitted, it is not "automatic." *Id.* at 579. The decision whether or not to appoint counsel "rests within the sound discretion of the trial court." *Id*.

Jackson has alleged racial discrimination and sexual harassment. His pleadings contain little information to indicate the likelihood of the suit's success. Jackson argues that he has met this first requirement, but there is no basis to judge the merits of his claims. This first factor does not weigh in favor of appointing counsel.

As to the second factor, Jackson has made some attempts to retain counsel. There is no indication of extensive effort. As to the third factor, the plaintiff's ability to afford counsel, Jackson is proceeding in forma pauperis status and describes his difficulties in obtaining employment. He has satisfied this requirement.

These three factors are "simply ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston,* 556 F.2d at 1310. A court may also consider the plaintiff's ability to present his own case. Jackson has a college degree and training as a paralegal. From the record, it appears that he has adequate writing skills and familiarity with Title VII law; it does not appear that his *pro se* representation has compromised his ability to bring this suit. The plaintiff's ability to present his case does not weigh in favor of appointing counsel. *See*, *e.g.*, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir.2003); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir.1992); *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir.1988).

This court does not find that the record supports appointing counsel at this stage. The third motion for appointment of counsel is denied.

SIGNED on March 11, 2009, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge